IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WELLS FARGO BANK, National Association, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-11-648-D |
| APACHE TRIBE OF OKLAHOMA, | ) ) ) | |
| Defendant. | ) | |

**O R D E R**

On July 5, 2011, Plaintiff filed a pleading denominated its "Amended Complaint" in this case. Although this filing purports to be an amended pleading that may be filed as a matter of right under Fed. R. Civ. P. 15(a), and although the filing was timely made under that rule, the Court finds that the pleading is not an amendment to the Complaint but is actually a supplemental pleading filed without authorization, as required by Fed. R. Civ. P. 15(d). Although Plaintiff's new pleading continues to seek declaratory and injunctive relief, it bears little resemblance to the original Complaint, which sought to enjoin a pending tribal proceeding that was subsequently concluded. Instead, Plaintiff's new pleading concerns events that occurred after the Complaint was filed, and replaces Defendant Apache Tribe of Oklahoma with eight defendants who are members of the Apache Business Committee and the Apache Gaming Commission. Plaintiff now complains of actions taken by the Apache Business Committee and the Apache Gaming Commission during the pendency of this case. However, upon examination of the pleadings and the case record, particularly in light of the concession of mootness made at the hearing held on June 14, 2011, the Court authorizes the filing of a supplemental pleading. The case shall proceed upon the Amended Complaint.

In light of these developments, the Motion to Dismiss filed by Defendant Apache Tribe of Oklahoma (the "Tribe"), which is no longer named as a party, is moot. "An amended complaint supersedes a prior complaint 'and renders it of no legal effect.'" *Mooring Capital Fund, LLC v. Knight*, 388 F. App'x 814, 823 (10th Cir. 2010) (quoting *Davis v. TXO Prod. Corp*., 929 F.2d 1515, 1517 (10th Cir. 1991)); *see also Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005). By removing the Tribe as a defendant and abandoning claims previously asserted against it, Plaintiff has effected a voluntary dismissal of the Tribe from the action.

IT IS THEREFORE ORDERED that Plaintiff's Amended Complaint is accepted, and the Apache Tribe of Oklahoma's Motion to Dismiss [Doc. No. 21] is DENIED as moot. Whether the Tribe should, or must, be a party to the instant action asserting claims against various tribal officials is not presented for determination on the basis of the current status of the pleadings.

IT IS FURTHER ORDERED that the Clerk of Court shall terminate the Apache Tribe of Oklahoma as a defendant in the case in light of the Amended Complaint.

IT IS SO ORDERED this 19th day of July, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE