IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV-11-648-D ) |
| LOUIS MAYNAHONAH, *et al.*, | ) ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 34], filed pursuant to Fed. R. Civ. P. 65. The Court conducted a hearing on July 21, 2011, at which Plaintiff appeared through local counsel, Patrick Ryan and Phillip Whaley, and through counsel admitted *pro hac vice*, Jerome Miranowski and Michael Krauss; Defendants appeared through counsel Jon E. Brightmire and Bryan Nowlin for members of the Apache Business Committee, and Richard Grellner for members of the Apache Gaming Commission and himself, as its appointed hearing officer. Attorneys for TGS Andadarko, LLC, which has filed a motion to intervene, were also present. The Court has considered the Amended Complaint filed in this matter, the motion papers and related declarations and exhibits, and has heard the arguments of counsel for the parties. The Court now issues its ruling on the Emergency Motion.

This declaratory judgment action under 28 U.S.C. §§ 2201-02, and 28 U.S.C. § 1331, seeks a determination of the federal question of whether the Apache Business Committee and the Apache Gaming Commission have jurisdiction over Plaintiff Wells Fargo Bank with respect to a loan agreement between Plaintiff and the Apache Tribe of Oklahoma (the "Tribe"), and assignments of a lease agreement between the Tribe and KAGD, LLC. The lease agreement was an equipment lease

for gaming machines, first assigned by KAGD, LLC to TGS Anadarko, Inc. ("TGS"). To obtain funding needed to purchase the equipment, TGS assigned the lease to Plaintiff, allegedly as security for the loan.

By the Emergency Motion, Plaintiff seeks to prevent the Apache Gaming Commission (the "Commission") from conducting an evidentiary hearing and issuing a decision on a Petition for License Review (the "Petition") initiated by the Tribe against Plaintiff and TGS.[1] Plaintiff contends that the Petition is contrary to the Tribe's obligations under the lease agreement, particularly with regard to any requirement that Plaintiff obtain a gaming license, and reflects a dispute regarding the lease agreement. Plaintiff and TGS have initiated an arbitration proceeding, as provided by an arbitration clause of the lease agreement, and Plaintiff asks the Court to preserve for decision by an arbitrator the question of whether the parties' dispute is arbitrable. Defendants' position is that the tribal proceeding is a regulatory matter regarding gaming activity within Indian country and that the Tribe has exclusive, nondelegable authority to decide licensing and compliance issues.[2]

For the following reasons, the Court finds that a temporary restraining order ("TRO") should issue in order to permit an orderly and deliberate consideration of whether a preliminary injunction is warranted in this matter, which involves complex issues of federal, state, and tribal law. The purpose of a TRO is to preserve the *status quo* between the parties and prevent irreparable harm

---

[1] During oral argument at the hearing, Plaintiff's counsel asked to modify this request and to restrain all defendants from taking any action to affect Plaintiff's contractual rights. Because no facts or arguments have been presented, however, suggesting that any matter is currently pending before the Apache Business Committee or any action is imminent, the Court declines to consider this request. Plaintiff has not shown that a TRO is warranted as to the members of the Apache Business Committee.

[2] By separate motion, Defendants request dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Solely for purposes of ruling on the Emergency Motion, the Court finds sufficient allegations in the Amended Complaint to establish jurisdiction of an action against tribal officials under the *Ex Parte Young* doctrine, consistent with *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140 (10th Cir. 2011). The Court reserves a ruling on all issues raised by Defendant's motion, however, until it is fully briefed.

pending an evidentiary hearing regarding whether injunctive relief should be ordered. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). The "*status quo*" is the last peaceable or uncontested status between the parties prior to the conflict at issue. *Schrier v. University of Colorado*, 427 F.3d 1253, 1260 (10th Cir. 2005). As between Plaintiff and officials of the Commission against whom injunctive relief is sought by the Motion, their last peaceable or uncontested status ended in April, 2011, when the Commission notified Plaintiff by letter of its position regarding TGS's assignment of the equipment lease to Plaintiff and Plaintiff's previous exemption from licensing requirements.

The letter was followed by the Petition, which is currently set for hearing on July 26, 2011, before an officer appointed by the Commission. It is the Court's understanding that the Petition is subject to decision by the Commission at any time after the hearing. The hearing officer has ordered a bifurcation of the proceeding so that only certain issues will be heard and decided at this time, purportedly only those relating to TGS. One issue to be heard, however, is whether "TGS improperly allowed Wells Fargo to use benefit [sic] of its gaming license pursuant to an Assignment of the Gaming Lease dated June 23, 2008, between TGS and Wells Fargo." *See* Krauss Decl., Ex. 42 [Doc. No. 35-8]; Defs.' Resp. Br., Ex. 4 [Doc. 48-4]. Defendants' counsel conceded during the hearing that, with regard to this issue, at least "part of the assignment issue" will be considered during the July 26 hearing and may be adjudicated in any tribal decision regarding TGS.

The requirements for issuance of a TRO are essentially the same as those for a preliminary injunction: "the moving party must establish that (1) the movant will suffer irreparable injury unless the injunction issues; (2) the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits." *Heideman v. South*

3

*Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003). Although the concept of irreparable harm is not easily defined, the movant must identify an injury that is "both certain, great, actual and not theoretical." *See Heideman*, 348 F. 3d at 1189; *accord Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir.2001). A movant "satisfies the irreparable harm requirement by demonstrating 'a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages.'" *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir.2003)). Further, under the modified standard applied in this circuit in appropriate cases, if a movant establishes that the first three requirements tip strongly in his favor, the movant "may meet the requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Greater Yellowstone*, 321 F.3d at 1255-56; *see O Centro Espirita Beneficente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 976 (10th Cir. 2004) (en banc), *aff'd sub nom.*, 546 U.S. 418 (2006).

In this case, Plaintiff has made a sufficient showing of irreparable harm if the Commission goes forward with its proceeding. It is undisputed that the equipment lease executed by the Tribe contains a broadly worded arbitration agreement that, by its terms, requires any claim related directly or indirectly to the lease to be settled by binding arbitration administered by the American Arbitration Association. The agreement expressly reserves for decision by an arbitrator the question of whether a dispute is arbitrable. Plaintiff's bargained-for right to proceed expeditiously through the arbitral process, and to have the arbitrability question decided by a neutral arbitrator, may be irretrievably lost if the Commission is permitted to determine issues integral to the contractual dispute under the guise of exercising its regulatory power. There can be little doubt that the civil

4

penalties available to the Commission, even if imposed only against TGS, may seriously impact Plaintiff's contractual rights and remedies. In short, the Court finds that here, as in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dutton*, 844 F.2d 726, 728 (10th Cir. 1988), extraordinary relief is warranted "to preserve the prearbitration status quo."

The Court further finds that the potential injury to Plaintiff if the Commission is allowed to proceed outweighs any damage that the Commission may suffer from the issuance of a TRO. Defendants argue that the requested TRO is an affront to tribal sovereignty and is contrary to a strong federal policy of promoting tribal self-government and self-determination. Although sensitive to this concern, the Court finds that a limited stay of the tribal matter – at least, for the brief duration of a TRO under Rule 65(b)(2) – is warranted to preserve an equally strong federal policy favoring arbitration.[3] Any suggestion of urgency in the Commission's proceeding to determine regulatory issues regarding TGS is belied by the Commission's previous delay in taking action with regard to a license that expired in 2009. Thus, both the balance of hardships between the parties, and considerations of public interest, tip in favor of granting Plaintiff's request for a TRO.

Finally, the Court finds that Plaintiff has met its burden to show questions going to the merits of its claims that are sufficiently serious, substantial, and difficult that they deserve more deliberate investigation and consideration. Without intimating any opinion of whether Plaintiff will ultimately prevail on its claims, the Court finds that Plaintiff has raised substantial questions about whether the

---

[3] Arguably, a greater affront to Indian sovereignty is suggested by Defendants' own argument that there is no real harm in allowing the Commission to proceed if, as argued by Plaintiff, the Commission is acting beyond its jurisdiction and its decision may ultimately be unenforceable. Any such suggestion that the tribal proceeding could simply be ignored fails to afford due respect to the Commission's legitimate regulatory authority.

allegations of the Petition and the issues pending before the Commission constitute legitimate regulatory matters within the scope of the Tribe's authority under the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701-19, and the State Compact, or whether they are a subterfuge for an effort by the Tribe to evade its contractual obligations.

For these reasons, the Court concludes that a TRO is necessary to preserve the *status quo* until a preliminary injunction hearing can be held and Plaintiff's request for preliminary injunctive relief can receive more deliberate consideration. Pursuant to Fed. R. Civ. P. 65(c), the Court finds that security in the amount of $5,000.00 is sufficient to secure the payment of costs and attorney's fees likely to be incurred in connection with the preliminary injunction hearing, if it should later be determined that this TRO was inappropriately issued. The Court will hear Plaintiff's request for a preliminary injunction on Friday, August 5, 2011, at 1:00 p.m.

IT IS THEREFORE ORDERED that Plaintiff's Emergency Motion for Temporary Restraining Order is GRANTED and the TRO set forth below is entered as of the time recorded by the Court's Electronic Case Filing System. Plaintiff shall post a bond or give acceptable security in the amount of $5,000.00 within five (5) calendar days of this Order. The parties shall exchange any lists of witnesses and exhibits for the preliminary injunction hearing required by LCvR43.1, and accomplish the marking and disclosure of exhibits as required by LCvR39.4(a), by 12:00 noon on Wednesday, August 3, 2011. By that same time, the parties shall file any further briefs or proposed findings and conclusions of law for the Court's consideration.

## TEMPORARY RESTRAINING ORDER

IT IS HEREBY ORDERED that Defendants Gene Flute, Ronald Ahtone, Jr., Austin Klinekole and Richard J. Grellner, as members or officers of the Apache Gaming Commission, and any other persons who are in active concert or participation with these defendants, are temporarily restrained from proceeding with any hearing, issuing any order, making any determination, or taking any official action with respect to the Petition for License Review. This restraining order shall remain in full force and effect for a period of fourteen (14) days from the date of this Order, unless extended or otherwise modified by further order of the Court. A hearing on Plaintiff's request for a preliminary injunction will be held as set forth herein.

IT IS SO ORDERED this 22nd day of July, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE