IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

WELLS FARGO BANK, )
)
       Plaintiff, )
)
v. ) Case No. CV-11-648-D
)
LOUIS MAYNAHONAH, *et al.*, )
)
       Defendants. )

**O R D E R**

Before the Court is Defendants' Motion to Dismiss Amended Complaint [Doc. No. 50], filed pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). Plaintiff has responded in opposition to the Motion, which is fully briefed and at issue.[1]

**Procedural History**

This declaratory judgment action under 28 U.S.C. §§ 2201-02, and 28 U.S.C. § 1331, seeks a determination of the federal question of whether the Apache Business Committee and the Apache Gaming Commission have jurisdiction over Plaintiff Wells Fargo Bank with respect to a loan agreement between Plaintiff and the Apache Tribe of Oklahoma (the "Tribe"), and assignments of a lease agreement between the Tribe and KAGD, LLC. The lease agreement was an equipment lease for gaming machines, first assigned by KAGD, LLC to TGS Anadarko, LLC ("TGS"). To obtain funding needed to purchase the equipment, TGS assigned the lease to Plaintiff, allegedly as additional security for the loan to TGS.

Plaintiff has sued seven tribal officials: Chairman Louis Maynahonah and two other members of the Business Committee, Marquita Carattini and Karen Heminokeky; the appointed

---

[1] Defendants did not file a reply brief within the time period authorized by LCvR7.1(i).

members of the Gaming Commission, Gene Flute, Ronald Ahtone, Jr. and Austin Klinekole; and an attorney who represents the Gaming Commission and serves as its hearing officer, Richard Grellner. The Amended Complaint contains a lengthy recitation of the history of a dispute between Plaintiff and the Tribe concerning the loan agreement, an arbitration proceeding, and actions by the parties to enforce (Plaintiff) or nullify (the Tribe) the resulting arbitral award. Specifically, the Business Committee allegedly passed a resolution amending the Tribe's arbitration ordinance to permit the Business Committee to act as a tribal forum and, during the pendency of this case, issued an order purporting to vacate the arbitration award in Plaintiff's favor.

The Amended Complaint also recites facts regarding a dispute between the Tribe and TGS, and now Plaintiff, concerning the lease agreement. Specifically, shortly before the arbitration, the Gaming Commission allegedly notified Plaintiff of assertions that TGS's original assignment of the lease to Plaintiff conferred an ownership, and not security, interest and that Plaintiff had violated the Tribe's gaming ordinance by acting as a gaming vendor without satisfying licensing requirements. During the pendency of this case, the Tribe allegedly initiated a formal proceeding against Plaintiff and TGS before the Gaming Commission to determine these and other issues; the Tribe's petition requests the imposition of civil penalties, including lease cancellation, forfeiture of the equipment, and disgorgement of rent payments. Mr. Grellner was appointed to act as the hearing officer in the proceeding and, in that capacity, issued an order setting an evidentiary hearing on the Tribe's petition. Under tribal law, any determination by the Gaming Commission would be appealable only to the Business Committee, which has final tribal authority.

The Amended Complaint alleges that the lease dispute, like the loan dispute, is subject to an arbitration agreement that reserves all issues for decision by arbitrators, including the arbitrability of the issues involved in the Gaming Commission's enforcement proceeding. The Amended

2

Complaint also alleges that Plaintiff and TGS have initiated an arbitration proceeding as required by the contract and that the Gaming Commission's proceeding, like the Tribe's petition purporting to request regulatory action, is contrary to the Tribe's contractual obligation to submit to binding arbitration.

Plaintiff asserts four causes of action. The first claim seeks a declaratory judgment that the Business Committee lacks jurisdiction over Plaintiff for any tribal proceeding to review the arbitrator's award regarding the loan dispute and lacks jurisdiction to modify or vacate the award and, thus, the Business Committee's order purporting to vacate the award is null and void. The first claim also seeks a declaratory judgment that the Gaming Commission lacks jurisdiction over Plaintiff with respect to the pending tribal proceeding and lacks jurisdiction to impose penalties or remedies affecting the lease dispute, which is subject to binding arbitration, and that any question regarding the arbitrability of issues raised in the tribal proceeding must be decided by the arbitrators. The second and third claims seek, respectively, a preliminary injunction and a permanent injunction to prohibit the Gaming Commission, acting through its members and hearing officer, from proceeding with the regulatory matter. The fourth claim seeks a permanent injunction to prohibit the Business Committee, acting through Chairman Mayahonah and other defendant members, from enforcing the order purporting to vacate the arbitrator's award and from taking any further action to vacate or modify the award.

**Defendants' Motion**

By their Motion, Defendants seek dismissals under Rule 12(b)(1), lack of subject matter jurisdiction, and Rule 12(b)(6), failure to state a claim. Defendants present two arguments in support of their Rule 12(b)(1) motion. First, they argue that the action against officers of the Gaming Commission should be dismissed because jurisdiction over gaming licenses and regulatory

3

matters lies exclusively in a tribal forum and Plaintiff has failed to exhaust tribal remedies. *See National Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845, 857 (1985). The rule of tribal exhaustion is a matter of comity and not jurisdiction. *See Strate v. A-1 Contractors*, 520 U.S. 438, 453 (1997); *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16 n.8 (1987). Thus, this aspect of Defendant's Motion is not governed by Rule 12(b)(1) but, instead, will be treated as a request for dismissal on abstention grounds.

Second, Defendants argue that the action against officers of the Business Committee should be dismissed because Plaintiff's allegations fail to satisfy the exception to sovereign immunity established by *Ex parte Young*, 209 U.S. 123 (1908), and extended to tribal immunity in *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1154 (10th Cir. 2011). Specifically, Defendants contend that no matter is currently pending before the Business Committee and, thus, Plaintiff fails to allege an ongoing violation of federal law or to seek prospective relief.

Defendants also request a dismissal of Plaintiff's action against the officers of the Gaming Commission under Rule 12(b)(6) on the ground that tribal officials are plainly authorized to regulate gaming in Indian country and any claim that they lack such jurisdiction is untenable. Defendants do not raise any deficiency in the factual allegations of the Amended Complaint but, instead, contend that the allegations will not support a viable claim upon which relief can be granted.

**Standards of Decision**

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City Of Albuquerque v. United States Dep't of Interior*, 379 F. 3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F. 3d 1173, 1180 (10th Cir.2002)). If the motion challenges only the sufficiency

4

of the plaintiff's jurisdictional allegations, a district court must confine itself to the pleadings and accept the allegations as true; additional evidentiary materials may not be considered. *See Holt v. United States*, 46 F. 3d 1000, 1002 (10th Cir. 1995).[2] Where, however, the motion challenges the underlying factual basis for subject matter jurisdiction, the court's decision is not constrained by the pleadings; instead, "the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence." *Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F. 3d 1285, 1292-93 (10th Cir. 2005) (citing *Holt,* 46 F. 3d at 1002-03). In this case, the Court finds that Defendants' Rule 12(b)(1) motion – challenging the applicability of the *Ex parte Young* doctrine – presents only a facial attack to the sufficiency of the Amended Complaint to allege an ongoing violation of federal law. Accordingly, to this extent, the Court accepts Plaintiff's factual allegations as true and confines its review to the Amended Complaint.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the

---

[2] Even when a court must confine itself to the plaintiff's pleading, however, the court may consider exhibits attached to a complaint as exhibits and documents referred to in the complaint that are central to the plaintiff's claim, as well as matters of which a court may take judicial notice. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

**Discussion**

**A.      Tribal Exhaustion**

Defendants argue that the strong federal policy of tribal self-governance requires this Court, as a matter of comity, to allow the Gaming Commission to determine its own jurisdiction and require Plaintiff to submit to a tribal forum before seeking relief in federal court. Defendants contend that abstention is clearly appropriate because there is a pending tribal proceeding before the Gaming Commission and no exception to tribal exhaustion applies. The Court respectfully disagrees.

Defendants concede that exceptions to the doctrine of tribal exhaustion exist. As a prudential rule, adherence to the exhaustion requirement is unnecessary where it is clear a tribal entity lacks jurisdiction and exhaustion "would serve no purpose other than delay." *See Nevada v. Hicks*, 533 U.S. 353, 369 (2001) (internal quotation omitted); *Crowe*, 640 F.3d at 1150; *Burrell v. Armijo*, 456 F.3d 1159, 1168 (10th Cir. 2006). Here, jurisdiction is being asserted by a tribal agency created pursuant to the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. §§2701-21, a tribal-state gaming compact, and a tribal gaming ordinance.[3] Defendants identify no particular provision of these laws that authorizes the Gaming Commission to assert jurisdiction over Plaintiff.[4] Rather, Defendants rely on the general rule that a tribe may assert jurisdiction over non-Indians "who enter into

---

[3] IGRA represents a balance struck by Congress among the interests of tribal governments, the states, and the federal government in gaming activities on Indian lands. *See Pueblo of Santa Ana v. Kelly*, 104 F.3d 1546, 1548, 15055 (10th Cir. 1997). For Class III gaming, which is at issue here, this balance requires that two sovereign governments – a state and a tribe – enter into a valid compact and that they obtain federal approval of their agreement.

[4] The state compact in this case expressly exempts financing by a federally regulated bank from tribal regulation.

6

consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other agreements." *See Montana v. United States*, 450 U.S. 544, 565 (1981); *see also Crowe*, 640 F.3d at 1150.

The commercial dealing between Plaintiff and the Tribe on which Defendants rely to establish the Gaming Commission's regulatory authority over Plaintiff is Plaintiff's financing of TGS's performance of the equipment lease, which included an assignment of the lease from TGS to Plaintiff. It is this transaction that is a subject of the pending proceeding before the Gaming Commission. By the plain terms of the lease, however, the Tribe agreed to contractual dispute resolution procedures, including arbitration, and waived "the doctrines of exhaustion of tribal remedies, abstention or comity that might otherwise require that the Claims be heard first in tribal court or other tribal forums." *See* Am. Compl., Ex. 17 [Doc. No. 25-17], § 22(g). The Court understands Defendants' position to be that a regulatory matter does not constitute a "claim" within the meaning of the lease's dispute resolution provision, and that the waiver provision is ineffectual because it is conditional, applying only "[t]o the extent lawful in connection with any such Claims." *See id.* Defendants contend the Tribe's contractual promises to arbitrate disputes and to waive tribal exhaustion are unenforceable as a matter of federal Indian law and policy, particularly as they pertain to Indian gaming under IGRA and the Tribe's gaming compact.

The Court finds that the issues framed by the Amended Complaint and Defendants' contentions present federal questions that lie beyond the jurisdiction of the Gaming Commission, or any other tribal entity, to decide. *See Hicks*, 533 U.S. at 367-68 (holding that tribal courts are not courts of "general jurisdiction" and cannot decide a federal claim or issue without an express federal grant of such authority). The enforceability of the Tribe's contractual commitments to arbitrate

7

disputes and to waive tribal exhaustion are not matters within the Gaming Commission's regulatory authority, but involve issues of federal law within the jurisdiction of federal courts.

For these reasons, the Court finds that the Gaming Commission plainly lacks jurisdiction to decide the issues presented in this case and that abstention would serve no useful purpose. Accordingly, dismissal of Plaintiff's action against officers of the Gaming Commission to permit tribal exhaustion is inappropriate.

**B.      Exception to Tribal Sovereignty - *Ex Parte Young***

Defendants concede that the court of appeals' recent decision in *Crowe* "inarguably binds this Court until such time as it is abrogated by a subsequent decision of the Circuit or the Supreme Court." *See* Defs.' Motion [Doc. No. 50] at 13. In *Crowe*, the court of appeals held that the *Ex parte Young* doctrine may be applied to enjoin a violation of federal common law by tribal officials. The court summarized the proper analysis as follows:

> The Supreme Court has explained that, in determining whether the doctrine of *Ex parte Young* applies, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002) (internal quotation marks omitted) (alteration in original); *see also Va. Office for Protection & Advocacy v. Stewart*, — U.S. —, 131 S.Ct. 1632, 1638–39, 179 L.Ed.2d 675 (2011) (applying *Verizon*); *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1232 (10th Cir. 2010) (same). A prayer for injunctive relief asking "that state officials be restrained from enforcing an order in contravention of controlling federal law" satisfies *Verizon*'s straightforward inquiry. *Verizon*, 535 U.S. at 645, 122 S.Ct. 1753.

*Crowe*, 640 F.3d at 1155. Defendants argue that, as to members of the Business Committee, the Amended Complaint fails to satisfy this standard because it alleges only a past violation of federal law regarding arbitration and seeks only retrospective relief, that is, a declaration that the Business Committee's order purporting to vacate the arbitrator's award is a nullity.

8

Upon examination of the Amended Complaint, the Court finds that Plaintiff alleges an ongoing violation of federal law by the Business Committee and seeks prospective relief. Defendants' argument ignores the pendency of a state court proceeding to confirm the arbitrator's award. *See* Am. Compl. [Doc. No. 25], ¶ 54. Plaintiff's effort to complete the arbitral process and enforce any resulting judgment will continue to be frustrated by the Business Committee's assertion of jurisdiction to nullify or vacate the award and its issuance of a final order purporting to do so. Accordingly, Plaintiff expressly seeks a permanent injunction to prohibit the Business Committee from enforcing its order or from taking any further action to reverse or nullify the arbitral award. Plaintiff's claim for declaratory relief does not affect the proper analysis, as explained by the Supreme Court in discussing an action against members of a state regulatory commission:

> As for [Plaintiff's] prayer for declaratory relief: That, to be sure, seeks a declaration of the *past*, as well as the *future*, ineffectiveness of the Commission's action . . . . But no past liability of the State, or any of its commissioners, is at issue. . . . Insofar as the exposure of the State is concerned, the prayer for declaratory relief adds nothing to the prayer for injunction.

*Verizon*, 535 U.S. at 646 (emphasis in original). Therefore, the Court finds that Plaintiff may pursue its action against the members of the Business Committee pursuant to *Ex parte Young* and *Crowe*.

## C. Actionable Claim

Defendants contend that the Amended Complaint fails to state a claim against officers of the Gaming Commission because it has tribal regulatory authority conferred by IGRA, the tribal-state gaming compact, and tribal gaming law. Defendants argue that Plaintiff's action seeks to "privatize regulation of gaming in Indian country" and, because this is legally impermissible, Plaintiff cannot obtain any relief against the Gaming Commission. *See* Defs.' Motion [Doc. No. 50] at 12. This argument appears to be that Plaintiff's claim lacks merit, not that Plaintiff has failed to state a claim for relief.

The Amended Complaint seeks to prevent officers of the Gaming Commission from exercising authority over Plaintiff that the Gaming Commission allegedly does not have. Plaintiff alleges that the Gaming Commission is attempting under the guise of a regulatory proceeding to decide contractual issues in derogation of the Tribe's contractual obligation to arbitrate any dispute related to the lease agreement, including the issue of whether the dispute is an arbitrable matter. Defendants' argument begs this question and provides no basis for dismissal. In short, the Court finds that the Amended Complaint states a claim for relief against the officers of the Gaming Commission.

**Conclusion**

For these reasons, the Court finds that Plaintiff's action should not be dismissed on abstention or jurisdictional grounds nor for failure to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Amended Complaint [Doc. No. 50] is DENIED.

IT IS SO ORDERED this 2nd day of September, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE